UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LAWRENCE WRIGHT                                                                                  Plaintiff

v.                                                                      Civil Action No. 3:19-cv-917-RGJ

CALIFORNIA SQUARE 1 APARTMENTS CORP.                                             Defendant

* * * * *

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Lawrence Wright initiated this action by filing a 42 U.S.C. § 1983 complaint and a non-prisoner application to proceed without prepayment of fees. On review, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 2) is **GRANTED**.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. STATEMENT OF CLAIM

Plaintiff names as Defendant the California Square 1 Apartments Corporation. The complaint states that Plaintiff was a resident at California Square 1 Apartments for "a couple years." He alleges that one day another resident, who was drunk, pulled a gun on him for "no reason at all." He states that "I went to inform the property manager and she didn't believe me[] and was being very disrespectful towards me and my girlfriend." Plaintiff further states that the resident again pulled a gun on him minutes later and that "Ms. Lee Lee," who the complaint

identifies as "Property Management" at California Square 1 Apartments, "didn't believe me and my girlfriend so we called the police again." He states that he and his girlfriend moved, but days later this resident was "still walking harassing and intimidate us everytime we see him." Plaintiff states that Ms. Lee Lee is unprofessional and does not conduct inspections correctly; that "residents at the apartment complex are drunks and dope feins, and the apartment complex is nasty and stinkys"; and that "California Square 1 Apartment Complex Corporation violated [my and my girlfriend's] constitutional rights."

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings,

*Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir.2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

However, private persons may, by their actions, act under color of state law and become "state actors" for § 1983 purposes. The Sixth Circuit recognizes three tests for determining whether a private party has acted under color of state law: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test. *See Tahfs*, 316 F.3d at 591; *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The "public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections." *Wolotsky*, 960 F.2d at 1335. "The state compulsion test requires proof that the state significantly encouraged or coerced the private actor, either overtly or covertly, to take a particular action so that the choice is actually that of the state." *Tahfs*, 316 F.3d at 591 (internal quotation marks and citation omitted). Under the symbiotic relationship test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wolotsky*, 960 F.2d at 1335.

Here, Defendant appears to be the owner and landlord of the apartment complex where Plaintiff rented an apartment. As such, Defendant is a private party, not a state actor. Plaintiff alleges no facts showing that Defendant was exercising powers traditionally reserved to the state; or that the state significantly encouraged or coerced Defendant to take the allegedly unconstitutional action; or that there is a sufficiently close nexus between the state and Defendant to deem Defendant a state actor. *Jenkins v. Turner*, No. CIV.A. 2:14-14348, 2014 WL 6669229, at *1 (E.D. Mich. Nov. 24, 2014) ("Private landlords are not considered state actors and thus cannot be liable for damages under § 1983.") (citing *Hill v. Langer*, 86 F. App'x 163, 164-67 (6th Cir. 2004)); *Benford v. Smith*, No. 1:04-CV-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3, 2005) (finding that private landlords, even ones participating in the Department of Housing and Urban Development's (HUD) Section-8 housing program, are not considered state actors and thus cannot be liable under § 1983); *see also Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1243 (5th Cir. 1982) (holding that "the lessors in Section 8 new construction housing programs act as private parties"); *Bowman v. Mitchell*, No. 1:10CV-5-M, 2010 WL 1529473, at *2 (W.D. Ky. Apr. 14, 2010) ("The fact that Defendants work for and live in a property that is regulated by HUD is not enough to transform them into state actors."). Thus, in the instant case Plaintiff fails to satisfy the requirement that the allegedly unconstitutional acts were committed by a person acting under color of state law.

### III. CONCLUSION

For the foregoing reasons, this action will be dismissed for failure to state a claim upon which relief may be granted.

Date:

cc: Plaintiff, *pro se*
    Defendant
A961.009